O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CABRERA,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>HEALTHCARE SERVICES GROUP, INC.; and DOES 1–100, inclusive,<br><br>　　　　　Defendants. | Case No. 2:13-cv-02977-ODW(Ex)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On April 29, 2013, Defendant Healthcare Services Group, Inc. filed a Notice of Removal. But after carefully considering the papers filed with the Notice, the Court determines that Healthcare Services has failed to satisfy its burden of establishing federal jurisdiction. The Court therefore **REMANDS** this action to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, only having subject-matter jurisdiction over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe § 1441 against a finding of removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

For the purposes of complete diversity, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

Cabrera's Complaint alleges that she is a "resident of the State of California." (Compl. ¶ 4.) Presumably on that basis, Healthcare Services asserts in its Notice of Removal that it "is informed and believes, and on that basis alleges, that Plaintiff is currently a citizen of the State of California." (Notice of Removal ¶ 5.) But residency allegations alone are inadequate to establish citizenship. While a party's residence may be prima facie evidence of that party's domicile when an action is *originally* brought in federal court, residency allegations in a complaint alone do not suffice to establish citizenship on removal in light of the strong presumption against removal jurisdiction. *See State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see Kantor*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567. Further, on removal, "alleging diversity of citizenship upon information and belief is insufficient." *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *see also Kantor*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to

/ / /

invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Because Healthcare Services fails to sufficiently establish diversity jurisdiction on removal, the Court **REMANDS** this case to the Los Angeles County Superior Court, case number BC503407.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

May 2, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

```
cc: order, docket, remand letter to
Los Angeles Superior Court,
No. BC 503407
```

3